## GOENAGA v. GOENAGA.

### APPEAL from the District Court of San Juan.

No. 359.—Decided June 25, 1909.

CONTRACT OF COMPROMISE—INDIVISIBILITY OF THE COMPROMISE.—In the case at bar it was *Held:* That the contract of compromise, subject matter of this suit, was by its nature indivisible, and that the court below had erred in modifying the terms of one of its clauses.

AGENCY—POWERS OF AGENTS—INTERPRETATION OF THE POWER OF ATTORNEY.— The power of attorney discussed in this action contained the following clause: "I hereby grant you power as ample as may be necessary in law, to represent me in the claim which I desire to institute against my uncle, Dr. Francisco de Goenaga Olzá, with respect to the delivery of property and the rendition of accounts of a tutelar nature." *Held:* That the word *"tutelares"* in its grammatical position may refer to *cuentas* alone, or to *bienes* and *cuentas* jointly, but by the circumstances of this case it refers to both.

ID.—SCOPE OF AUTHORITY—ADVANTAGEOUS FULFILMENT OF AN AGENCY.—According to section 1617 of the Civil Code, the scope of authority should not be considered as exceeded if it should be fulfilled in a manner more advantageous for the principal than that specified by him. This does not mean that

when an agent is authorized to do one thing and does something which is entirely different in character he could justfy his acts by a reference to section 1617 of the Civil Code.

ID.—IMPLIED RATIFICATION.—In this case the court was of opinion that the principal had in an implied manner ratified the acts of his agent.

The facts are stated in the opinion.

*Mr. López Landrón* for appellant.

*Mr. Martínez Dávila* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

On October 11, 1907, Francisco Goenaga Fuertes made an express contract of agency (*mandato*) with the lawyer Eugenio Benítez Castaño and Domíngo Massari authorizing them in his name to make a claim against his uncle, Dr. Francisco R. de Goenaga y Olzá, concerning the delivery of property and the rendition of accounts, tutelar in their nature (*entrega de bienes y rendición de cuentas tutelares*). We have expressed the exact words because one of the principal matters to consider in this appeal is the construction to be put upon the word "*tutelares.*"

In pursuance of this contract the said attorneys filed a suit against Dr. Goenaga for the delivery of the tutelar property and the rendition of tutelar accounts. In the autumn of 1907, the District Court of San Juan rendered a judgment in favor of the complainant from which Dr. Goenaga appealed. During the pendency of this appeal, namely, on November 23, 1907, the said lawyers on the one side and Dr. Goenaga under the advice of his attorney, Rafael López Landrón, on the other, made a contract of compromise by which the litigation should be terminated and Francisco de Geonaga Fuertes should surrender whatever rights he might have against his uncle, not only with respect to the property which was subject to the tutorship, but likewise the property acquired by inheritance from his mother and from his brother, Carlos.

As soon as Francisco de Goenaga Fuertes became aware of the said compromise he expressed to his attorneys his dis-

agreement therewith and told them that he could in no wise accept or submit to such contract. Notwithstanding such disagreement on March 6, 1908, the said attorneys, Benítez and Massari, made a motion signed by them and by the attorney of Dr. Goenaga expressing that the parties to the suit had reached a compromise and, therefore, they asked that the suit in which they represented the ward be entered settled (*archivado*). On March 10, 1908, the appeal of Dr. Goenaga was dismissd by this court for failure of the appellant to comply with the rules.

The following then appears from the statement of the case:

"District Court of San Juan. Second Section, No. 1417. *Francisco Goenaga Fuertes* v. *Francisco Goenaga Olzá.* Delivery of property, etc.

"To-day the 27th of May, 1908, and in open court, and in compliance with the order of May 9, 1908, there appeared the attorney, Ferrer, representing the plaintiff, the defendant by his attorney, Rafael López Landrón, and Attorney Benítez Castaño, who, with Attorney Massari, represented said plaintiff in this suit since the beginning of the same until judgment was rendered therein.

"The object of the appearance was to decide the motions of the 6th of March, 1908, and the 11th of April, 1908, filed by counsel, Benítez and Massari, representing the plaintiff in this suit, and the motion of said plaintiffs without date, presented by Attorney Ferrer.

"The case is as follows: Judgment having been rendered in this case the defendant took an appeal to the Supreme Court which court on March 9, 1908, dismissed said appeal for noncompliance of the appellant with articles 299 of the Code of Civil Procedure and 50 and 54 of the rules of the Supreme Court.

"Before the rendition of such order they had presented a motion on the 6th of March, 1908, which appears also signed by the attorney of the defendant, wherein the court was requested to enter the case settled without any further proceeding, by reason of the parties having made a compromise by virtue of which the defendant had abandoned his appeal in the Supreme Court.

"Under this state of things the plaintiff appears through another counsel alleging that by mutual agreement made between them Messrs. Benítez Castaño and Massari ceased to represent him, and, therefore, had no authority to request the court to enter the case settled.

"On the hearing of the motion Attorney Benítez presented one of the originals of the agreement made by him and the plaintiff and of the clauses of the deed of compromise, alleging that said compromise was reached when the agreement was in force. The Attorney Ferrer stated that such agreement was set aside by virtue of a subsequent one made in words, and that when the compromise was made the former agreement was not in force. The court having considered all the points of this case is of the opinion that the proper decision that it should render and does hereby render is that this suit be entered settled by the reason of the compromise made by the parties; and that if the plaintiff thinks he has any right on account of having been prejudiced by his attorneys, he may bring an action in due manner in the proper place. Given in open court. May 27, 1908. Emilio del Toro, Judge of the Second Section. I certify: José E. Figueras, Secretary. May 28, 1908."

"In the Supreme Court of P. R. *Francisco Goenaga Fuertes, appellant,* v. *Francisco R. de Goenaga y Olzá, appellee.* Appeal No. 1417.

"Writing of abandonment. Now appears Francisco Goenaga Fuertes, through his counsel, Ferrer, and respectfully states:

"That he abandons his appeal taken from the judgment rendered by the District Court of San Juan wherein it was decided that the above suit should be entered settled, and, therefore,

"He requests from the court to consider said appeal as abandoned and that said dismissal of the appeal taken be made to appear in the books of registration of this office. R. Ferrer, Attorney for the Appellant. San Juan, P. R., August 5, 1908. August 8, 1908."

"In the Supreme Court of Porto Rico. *Francisco Goenaga y Fuertes, plaintiff and appellant,* v. *Francisco R. de Goenaga y Olzá, defendant and appellee.* Delivery of property. No. 303. Appeal from the District Court of San Juan, P. R. Order. San Juan, P. R., October 5, 1908.

"The appellant not having complied with article 54 of the Rules of this court, and considering what is required by article 64 of the same rules.

"The appeal taken from the judgment rendered on the 27th of May, 1908, by the District Court of San Juan, in the above-entitled case, is dismissed with costs against the appellant; and let the court below be notified to the proper effects.

"It was agreed and signed by the Associate Justices of the Supreme Court. José C. Hernández, José Ma. Figueras, J. H. MacLeary, Adolph G. Wolf.

"I, Antonio F. Castro, secretary and reporter of the Supreme Court of Porto Rico, do hereby certify: That the foregoing resolution is a copy of its original. And in order to send it to the District Court of San Juan, I issue this, in San Juan, P. R., on the 5th day of October, 1908. A. F. Castro, Secretary and Reporter of the Supreme Court of Porto Rico. Seal of the court."

From the foregoing statement it is very dubious whether the dismissal of the appeal by Francisco Goenaga Fuertes was ever filed in the Supreme Court of Porto Rico as the reasons for dismissing such appeal are given in the order of this court, which we have cited above, namely, that the appellant had failed to comply with rules 54 and 64 of this court. Nevertheless it does appear that the order of dismissal signed by Ferrer was presented to the District Court of San Juan during the course of the trial which led up to the judgment from which the present appeal is taken.

On July 16, 1908, Dr. Goenaga filed his complaint in the suit before us. The object of that suit was to have the court order the performance of the contract of compromise according to its terms requiring the parties to sign the deeds and do the various things therein recited. Ultimately the District Court of San Juan on November 30, 1908, rendered a judgment in the following terms:

"The court renders final judgment in this case declaring that the facts and the law are in favor of the complainant and against the defendant, but in the following manner:

"1st. Ordering and decreeing that the defendant carry out, observe and comply with the contract of compromise made in the suit which he prosecuted against the complainant in this case with respect to delivery of property and rendition of accounts, between his attorneys on the one side and the complainant and his lawyer on the other side on the 23d of November, 1907. But solely with respect to tutelar property—that is to say, with respect to those that appear in the inventory of July, 24, 1891, which is shown in the record—but not in any manner with respect to a house No. 88 of Fortaleza Street, now known as Allen, of San Juan, P. R.

"2d. Whereas, given the previous pronouncement, it would be impossible to carry out the fourth clause of such contract of compromise letter A. In order to avoid difficulties in the future it is decided that the amount of the policy shall be paid in three installments as agreed upon. The first to accrue on the 30th of January, 1909, the second on the 30th of March, 1909, and the third on the 30th of May, 1909.

"3d. That the cross complaint of the defendant does not lie."

We shall first discuss the construction to be given to the power of attorney or contract of agency between Francisco de Goenaga Fuertes and his attorneys and the contract of compromise to which reference has been made.

The compromise is as follows:

"On one side, the attorneys, Eugenio Benítez Castaño and Domingo Massari, legally authorized according to the contract of the 11th of October, 1907, in behalf of Mr. Francisco Goenaga Fuertes, single, of age, and,

"On the other side, Dr. Francisco R. de Goenaga and Olzá, surgeon physician, adult, of this city, who is advised and directed by his attorney, Rafael López Landrón. And by common consent state:

"1st. That before the District Court of San Juan, Second Section, the parties have a suit pending wherein Goenaga Fuertes is the plaintiff, and Goenaga Olzá the defendant, concerning the delivery of property and rendition of accounts of his tutorship to the party of the first part up to his majority on the 24th of March, 1903, and also for the rendition of accounts for the tutelar property subsequent to said date.

"2d. That said litigation is pending on appeal and in such state of things the litigants have arrived at a complete compromise in order to terminate, in a conclusive manner, all the difficulties existing now or those that might arise in connection with the property composing said tutorship, and to that end, they execute this contract, stipulating the following:

"*Clauses.*—1st. Mr. Francisco Goenaga Fuertes, the claimant herein, will consider himself as entirely satisfied and as having been paid, executing to that effect, without exception, the proper deed of settlement of accounts, of all accounts which at present exist or might exist thereafter with Dr. Francisco R. de Goenaga, in such a manner that in no event nor for any cause they will ever permit difficulties to arise between them in connection with the property of the family, this

being settled by virtue of the delivery of possession which Dr. Goenaga himself will make him, Goenaga Fuertes, of the following property: (*a*) An undivided one-third share in an urban property, situated in the town of Dorado, No. 23, Méndez Vigo Street, with a lot as appears in the deed; (*b*) An undivided one-third share or coownership of a third part of the total share which may legally belong to said Francisco Goenaga Fuertes as one of the three heirs of his deceased mother, Mrs. Belén Fuertes y Charbonier, one of the four heirs composing the succession of Mrs. Demetria Charbonier, exclusive owner of the house No. 88, which is built of stone and has a roof, and is situated on Fortaleza Street in this city; and (*c*) A one-third share in a policy in cash without interest, which was left at the time of the death of Mr. José R. de Goenaga y Olzá, deceased, father of the plaintiff, Mr. Francisco Goenaga Fuertes, deducting therefrom the proper discounts.

"2d. Mr. Goenaga Fuertes will consider himself as having entirely received, in his capacity of minor subject to tutorship, all necessaries of life, of all manner of interests, profits and utilities which already exist or might exist thereafter coming from the estate of Mr. José Rufino de Goenaga y Olzá and his wife, Mrs. Belén Fuertes y Charbonier, renouncing henceforward all actions and rights without exception which belong or might belong to him against Dr. Goenaga as the close relationship and personal consideration, as well as the disinterested conduct of the tutor more than compensate for any question of interest.

"3d. It is a condition of this amicable arrangement that Mr. Francisco Goenaga Fuertes renounces in favor of Dr. Goenaga, his uncle, all the rights, actions and shares belonging to him, or that might belong to him, with respect to any kind of property whether they are described in this compromise or not, as heir of his deceased brother, Mr. Carlos Goenaga Fuertes, as he also acknowledges that said brother received his education, and in the last years of his life and especially during his sickness, received the amount of his heritable share.

"4th. In order to carry out this compromise the following steps will immediately be taken:

"(*a*) The liquidated share in the total amount of the policy shall be duly paid by Dr. Goenaga to his nephew, Mr. Francisco, in three parts in the following installments, to wit:

"The first to be paid upon the execution of the deed of the house No. 88 Fortaleza Street, the second, two months later, and the third, two months thereafter, in case that it would not be convenient for the Doctor to pay the total amount at one time.

"(*b*) Dr. Goenaga will immediately put his nephew, Mr. Francisco, in possession of the coownership of the third part of the house situated in Dorado, but no claims for previous rents to be made which are considered as having been paid and satisfied up to this date.

"(*c*) In order to make the liquidation and payment of the corresponding coownership of Mr. Francisco Goenaga Fuertes in the house No. 88 of Fortaleza Street, they shall record, without loss of time, the confidential title of dominion existing of said porperty, No. 88 Fortaleza Street, in favor of Mrs. Belén Fuertes y Charbonier and Mr. Francisco de Goenaga Fuertes, jointly with his brother, Mr. Rufino, for himself and as heir of Mr. Carlos Goenaga Fuertes will convey to Dr. Goenaga the entire interest in the house aforesaid No. 88, with the condition that Dr. Goenaga shall acknowledge to Mr. Francisco Goenaga Fuertes a coownership or mortgage of easy discount or pay him in cash, at his election and convenience the proportionate amount that according to official taxation may belong to Goenaga Fuertes in the property as heir and grandson of the legitimate sometime owner of the property, Mrs. Demetria Charbonier.

"5th. The plaintiff and the defendant both shall mutually give up the complaint and counterclaim and also the appeal which has been taken and all the incidents, by reason of this amicable compromise.

"And in order to make these things appear the parties sign with the respective attorneys in triplicate in San Juan, P. R., on the 23d of November, 1907.   Eugenio Benítez Castaño, Dgo, Massari, Rafl. López Landrón, Franco. R. de Goenaga.   Date *ut supra.*   Signed before me the foregoing document.   Damián Monserrat, Attorney.   Notary.   Is a copy."

We think that from an inspection of this compromise that it was not a divisible one.   The facts that the payments of the money due on the policy were to be begun from the time of the delivery of the house No. 88 Fortaleza Street to Dr. Goenaga, and that such house was to be transferred to him, show that all the parts of the compromise were interdependent and render the contract an entire one.   It, therefore, necessarily follows that the judgment of the court in attempting to substitute different terms than the parties themselves had agreed upon was erroneous.   The contract of compromise should have been declared entirely valid or entirely void.

This brings us to a consideration of the terms of the contract of agency and the steps that were taken by the parties in connection therewith and subsequent thereto. The essential words of the power of attorney are as follows:

"I hereby grant you power as ample as may be necessary in law to represent me in the claim which I desire to institute against my uncle, Dr. Francisco de Goenaga Olzá, with respect to the delivery of property and rendition of accounts of a tutelar nature (*entrega de bienes y rendición de cuentas tutelares*).

These are the words by which this special authority was conferred. The word *"tutelares"* in its grammatical position may refer to *cuentas* alone or to *bienes* and *cuentas* jointly.

Benítez Castaño, one of the attorneys, testified that he understood a power of attorney as conferring the authority, not only to negotiate with respect to tutelar property, but as general. He also testified that his client gained by the compromise because his interests were secured and because he did not have to await for the result of the appeal in the Supreme Court, and likewise that his client had obtained more by the compromise than by the judgment, i. e., the judgment of the autumn of 1907. Section 1617 of the Civil Code, under the chapter which relates to Character, Form and Kinds of Agency, stated that the scope of the authority should not be considered as exceeded if it should be fulfilled in a manner more advantageous for the principal than that specified by him. We do not mean to suggest that when an agent is authorized to do one thing and does something which is totally different in character, he could justify his acts by a reference to section 1617 of the Civil Code. But when it is remembered that the cross complaint shows that Dr. Goenaga was collecting the rents of the house No. 88 Fortaleza Street, taken in connection with the close relation of the parties, as well as the dubious words of the contract itself, it is a fair presumption from all the facts that the attorneys, Benítez and Massari, did

not transcend their powers within the intention and desire of the person conferring them.

There is, however, another aspect of the case. The appellee, Francisco Goenaga Fuertes, appeared before the District Court of San Juan to contest the authority of his attorneys to dismiss the complaint filed by him against Dr. Goenaga. He was represented by another attorney, namely, Mr. Ferrer. In the controversy that followed the question of the authority of the attorneys, Benítez and Massari, was raised. The court finally made an order reciting that the case should be entered settled because the parties had arrived at a compromise. Some doubt arose in the mind of this court as to whether the District Court of San Juan did not exceed its power in having the parties appear before it in this summary manner, but we think, especially in the absence of any objection made on that ground, that the particular collateral proceeding was authorized by virtue of section 74 of the Code of Civil Procedure.

Francisco Goenaga Fuertes appealed from the order of the District Court of San Juan, but subsequently, through his attorney, Mr. Ferrer, dismissed the appeal. Such is the order of the attorney to this effect made a part of the statement of the case. In the same order the said Goenaga asked that the case be entered settled. Now the result of entering this case settled would have been to have put an end to the claim of Goenaga Fuertes against his uncle for rendition of tutelar accounts and delivery of tutelar property. We cannot believe that the acquiescence in the order meant the giving up of all claims against his uncle, but, on the contrary, that he was reserving his right to rely on the compromise. If he relied on the compromise he had to rely on it in its entirety. We think his actions have, in an implied manner, ratified the acts of his agents, thus bringing himself within the provisions of section 1629 of the Civil Code.

Under these circumstances the judgment of the District Court of San Juan must be reversed and the case remanded to

the District Court of San Juan with instructions to render a judgment by and in accordance with the terms of the compromise of November 23, 1907.

*Reversed.*

Chief Justice Hernández and Justice Figueras concurred.

Mr. Justice MacLeary dissented.

Mr. Justice del Toro took no part in the decision of this case.